

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

DECKARD JAY MELOTT, an individual, )
                                                       )
    Plaintiff,                       )
                                                       )
v.                                                    )
                                                       )
ALPHA LYNELLE ANDREWS, an )
individual,                       )
                                                       )
    Defendant.                    )

Case No. **CJ-2017-05058**

Judge: **DAMAN CANTRELL**

**DISTRICT COURT FILED**

DEC 21 2017

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

PLAINTIFF'S PETITION

COMES NOW, the Plaintiff, Deckard Jay Melott, (hereinafter, "Plaintiff") and for his claims against the Defendant, Alpha Lynelle Andrews, (hereinafter, "Defendant") would show the Court as follows:

1. On or about January 18, 2016, Plaintiff was driving a 2001 Honda CRV eastbound on E. 51st Street, in Tulsa, Tulsa County, Oklahoma, and was stopped due to stopped traffic.

2. On or about January 18, 2016, Defendant was driving a Nissan Altima also eastbound on E. 51st Street in Tulsa, Tulsa County, Oklahoma and was behind Plaintiff.

3. Defendant rear-ended Plaintiff's stopped vehicle.

4. After the Collision, Defendant fled the scene.

5. Title 47 O.S. sec. 10-103 provides:

   The driver of any vehicle involved in an accident . . . attended by any person shall immediately stop such vehicle at the scene of such accident or as close thereto as possible but shall forthwith return to and in every event shall remain ate the scene of such accident until he has fulfilled the requirements of 47-10-104 of this title.
   
             *          *          *
   
   Any person violating the provisions of this section **shall be subject to liability for damages in an amount equal to three times the vale of the damages caused by the accident. Said damages shall be recoverable in a civil action.**

47 O.S. Sec 10-103 (bold emphasis supplied).

1

6. Because the Defendant fled the scene, the investigating officer tried to contact Defendant. The investigating officer noted in his report that as of January 21, 2016, he was unable to contact Defendant.

7. Defendant fled the scene to avoid being arrested on outstanding warrants.

8. Defendant refused to contact the police to avoid being arrested on outstanding warrants.

9. Defendant plead guilty to "Uttering a Forged Instrument" in Wagoner County District Court Case No. CF-2005-00055, and upon failing to pay fines and costs a bench warrant was issued for Defendant's arrest for "Failure to Pay."

10. Defendant has been convicted of a Felony, Unlawful Possession of Controlled Drug, in Tulsa County District Court Case No. CF-1998-4977.

11. Defendant has been charged with a felony, Knowingly Concealing Stolen Property, in Tulsa County District Court Case No. CF-2000-5983. Defendant has failed to pay fines and costs in Tulsa County District Court Case No. CF-2000-5983. In October of every year from the years 2005-2017, Tulsa County District Court Case No. CF-2000-5983 issued a claim for interception of Defendant's tax refund.

12. Defendant was negligent in the operation of her vehicle in that:
    a. Defendant breached her duty to use ordinary care to prevent injury to others;
    b. Defendant failed to keep a proper lookout;
    c. Defendant drove carelessly;
    d. Defendant was inattentive;
    e. Defendant failed to slow for traffic in front of her;

  f.  Defendant failed to maintain an assured clear distance from Plaintiff's vehicle;

  g.  Defendant failed to stop for traffic in front of her;

  h.  Defendant was driving too fast for conditions;

  i.  Defendant was following too closely; and

  j.  Defendant was grossly negligent.[1]

13. On or about January 18, 2016, Defendant was operating her vehicle negligently, in reckless disregard for the safety of others, in violation of state statutes and local ordinances, and caused a collision with Plaintiff in his vehicle.

14. Defendant was negligent per se in that she violated the following statutes and ordinances:

  a.  47 O.S. § 11-310(a): **Following Too Closely:** (a) The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway.

  b.  47 O.S. § 11-504: **Drivers to Exercise Due Care:** Notwithstanding the foregoing provisions of this chapter, every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway and shall give warning by sounding the horn when necessary and shall exercise proper precaution upon observing any child or any confused or incapacitated person upon a roadway.

  c.  47 O.S. § 11-801(A): **Basic Rule – Maximum Limits:** A. Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface and

---

[1] 25 O.S. § 6 – Types of Negligence defined. Slight negligence consists in the want of great care and diligence; ordinary negligence in the want of ordinary care and diligence; and gross negligence in the want of slight care and diligence.

width of the highway and any other conditions then existing. No person shall drive any vehicle upon a highway at a speed greater than will permit the driver to bring it to a stop within the assured clear distance ahead.

  d.  47 O.S. § 11-901: **Reckless Driving:** It shall be deemed reckless driving for any person to drive a motor vehicle in a careless or wanton manner without regard for the safety of persons or property or in violation of the conditions outlined in Section 11-801 of this title.

  e.  47 O.S. § 11-901b: **Full Time and Attention to Driving:** The operator of every vehicle, while driving, shall devote their full time and attention to such driving.

  f.  Tulsa Revised Ordinance Title 37 § 618: **Conditions affecting speed:** Notwithstanding the posted speed limits, any person driving a vehicle shall drive the same at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface and width of the roadway and any other condition then existing; and no person shall drive any vehicle upon a roadway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead.

  g.  Tulsa Revised Ordinance Title 37 § 645: **Inattentive driving:** A. It shall be unlawful and an offense for any driver to fail to remain alert and give full attention to the safe operation of his vehicle while it is in motion. B. It shall be unlawful and an offense for any driver to engage in an activity while driving that interferes with the safe control of his vehicle. C. It shall be unlawful and an offense for any person to engage in an activity or to do any act which interferes with a driver's safe operatio of a vehicle.

  h.  Tulsa Revised Ordinance Title 37 § 647: **Reckless driving:** It shall be deemed reckless driving for any person to drive a vehicle in a careless or wanton manner

without regard for the safety of persons or property or in violation of the conditions outlined in Section 618.

       i.      Tulsa Revised Ordinance Title 37 § 659: **Following too closely:** The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the street or highway.

15.    As a result of Defendant rear-ending Plaintiff's 2001 Honda CRV, said vehicle sustained damages in excess of $4,299.00.

16.    As a result of Defendant rear-ending Plaintiffs 2001 Honda CRV, said vehicle was totaled.

17.    Defendant's Liability carrier, Hallmark Insurance Company, has paid Plaintiff's property damage in the amount of $4,703.39, and property damage is no longer an issue.

18.    On April 11, 2016, an agent on behalf of Defendant, Tiffany Shedrick, with Hallmark, accepted 100% liability on behalf of the Defendant.

19.    Defendant's negligence was the sole and proximate cause of the collision.

20.    Plaintiff is 35 years old (DOB: xx/xx/1982) and has a life expectancy of 48.5 more years.

21.    As a result of this collision, Plaintiff suffered personal injury to his body of a permanent and lasting nature, including but not limited to, a concussion with headaches, permanent neck injury, and disc protrusions in his lumbar spine; physical pain, past and future; mental anguish, past and future; and has been forced to incur medical expenses, past and future, in a sum in excess of the amount required for diversity jurisdiction pursuant to section 1332 of title 28 of the United States Code.

22.    Defendant's negligence was the sole and proximate cause of Plaintiff's injuries.

WHEREFORE, Plaintiff prays that he be granted judgment against Defendant for the total sum of Plaintiffs damages caused by or sustained as a result of Defendant's negligence, plus "three times the value of damages" pursuant to 47 O.S. sec 10-103, for a total sum in excess of the amount required for diversity jurisdiction pursuant to section 1332 of title 28 of the United States Code, plus such costs, prejudgment interest, and other relief this court deems equitable and just.

Respectfully submitted,

_____
Robert L. Rode, OBA #14307
Dave C. Bean, OBA #12556
The Rode Law Firm
601 S. Boulder, Suite 1100
Tulsa, OK 74119
Tel: (918) 599-8880
Fax: (918) 599-8863
Attorneys for the Plaintiff